Karine DAVIDYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Karine Davidyan, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 05–72237, 05–75817.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard R. Davis, Esq., Davis Miller & Neumeister, Van Nuys, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Addy J. De Kluiver, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER, LEAVY and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Karine Davidyan, a native of Georgia and citizen of Armenia, petitions for review of the denial of her application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA initially adopted and affirmed the findings of the IJ without substantive

modification. The BIA granted Davidyan's subsequent motion for reconsideration, addressed her arguments de novo, and again affirmed the IJ's decision. We limit our review to the BIA's decision, except to the extent the IJ's opinion is expressly adopted. *Cordon–Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir.2000). We review for substantial evidence the determination that a petitioner is ineligible for relief and will grant the petition only if the evidence compels a contrary conclusion. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006).

■ . The BIA concluded that Davidyan failed to establish persecution because the alleged acts against her were either not based on a protected ground or did not amount to persecution. Substantial evidence supports the BIA's conclusions. Davidyan presented credible evidence that governmental authorities harassed and intimidated her. The evidence does not compel the conclusion, however, that the authorities' actions towards her amounted to persecution or were on account of her political opinion. Davidyan was pushed against a wall one time. The authorities' actions were not directed at her, but rather towards her husband and his political activities. Moreover, her son's premature induction into the military and the authorities' inquiries about her and her husband do not "establish a well-founded fear [based on] a pattern of persecution closely tied to the petitioner." *Arriaga–Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir.1991).

■ Because Davidyan's asylum petition fails, her petition for withholding of removal also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Davidyan's claim for protection under the CAT fails because she has not shown that it is "more likely than not" that she will be tortured if she returns to Armenia. 8 C.F.R. § 208.16(c)(2); *see also Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

PETITION FOR REVIEW DENIED.